IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,559-01






EX PARTE GARY DON FULFER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 02-3263-A IN THE 106TH JUDICIAL DISTRICT COURT


FROM GAINES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of certain chemicals
with intent to manufacture a controlled substance, and sentenced to eighty-five years' imprisonment. The
Eighth Court of Appeals affirmed his conviction. Fulfer v. State, No. 08-03-00191-CR (Tex. App. - El
Paso, March 31, 2005, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
investigate the validity and availability of a prior conviction for enhancement purposes, failed to advise
Applicant of the wisdom of going to trial on these charges, and failed to timely request notice of the State's
intent to introduce extraneous offense evidence.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel requested notice of the State's
intent to introduce evidence of extraneous offenses, and if so, when. The trial court shall make findings as
to whether counsel was prepared to address the extraneous offense evidence introduced by the State at
trial. The trial court shall make findings as to whether counsel investigated the validity and availability of
the prior New Mexico conviction alleged as an enhancement in this cause, and if so, whether any objection
was made to the enhancement prior to trial. The trial court shall also make findings as to whether the State
made a ten-year plea offer in this case, and if so, whether counsel advised Applicant as to the likelihood
of obtaining a better sentence at trial. The trial court shall make findings as to whether performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance prejudiced
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: June 20, 2007

Do not publish